**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEVADA SERVICE EMPLOYEES UNION, LOCAL 1107, SEIU, <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent, <br><br> VALLEY HOSPITAL MEDICAL CENTER INC., <br><br> Real Party in Interest. | No. 08-70234 <br><br> NLRB No. 351 NLRB No. 88 <br><br> MEMORANDUM * |

| | |
|---|---|
| VALLEY HOSPITAL MEDICAL CENTER INC., <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, | No. 08-70793 <br><br> NLRB No. 28-CA-21047 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|                                        |                        |
| -------------------------------------- | ---------------------- |
| Respondent.                            |                        |

|                                        |                        |
| -------------------------------------- | ---------------------- |
| NATIONAL LABOR RELATIONS BOARD,        | No. 08-71242           |
| Petitioner,                            | NLRB No. 28-CA-21047   |
| v.                                     |                        |
| VALLEY HOSPITAL MEDICAL CENTER INC.,   |                        |
| Respondent.                            |                        |

On Petitions for Review of an Order of the
National Labor Relations Board

Argued and Submitted October 7, 2009
Pasadena, California

Before: HALL, W. FLETCHER, and CLIFTON, Circuit Judges.

Petitioners Nevada Service Employees Union, Local 1107 (the "Union"), and Valley Hospital Medical Center, Inc. ("Valley Hospital") seek review of a final order of the respondent National Labor Relations Board (the "Board"), in which the Board found that Valley Hospital violated sections 8(a)(1) and (3) of the National Labor Relations Act (the "NLRA") by discharging one of its employees, registered nurse and union steward Joan Wells, for criticizing Valley Hospital's

nurse workloads.  The Hospital contends that Nurse Wells's complaints were not protected by the NLRA, and the Union contends that the Board abused its discretion by refusing to order rescission of Valley Hospital's Communication Policy or to order electronic dissemination of the notice of violation.

The Board cross-petitions for enforcement of its order.

This Court has jurisdiction pursuant to 29 U.S.C. §§ 160(e) and (f).  We deny the petitions for review and grant the Board's petition for enforcement.

## I.

Nurse Wells was terminated by Valley Hospital because of three statements she made regarding problems with staffing levels at Valley Hospital.  The parties do not dispute that the statements were related to an ongoing labor dispute.

An employee's statements are protected under section 7 of the NLRA if they are related to an ongoing labor dispute and are not "so disloyal, reckless, or maliciously untrue as to lose the Act's protection." *Emarco, Inc.*, 284 N.L.R.B. 832, 833 (1987); *See* 29 U.S.C. § 157.  Under section 8 of the NLRA, it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of rights guaranteed in [section 7]," 29 U.S.C. § 158(a)(1), or discriminate in regard to any term or condition of employment to discourage membership in a union.  29 U.S.C. § 158(a)(3).  This court upholds a Board

-3-

decision "when substantial evidence supports its findings of fact and when the agency applies the law correctly." *Sever v. NLRB*, 231 F.3d 1156, 1164 (9th Cir. 2000).

Substantial evidence supports the Board's determination that Wells's statements regarding Valley Hospital staffing levels were not knowingly or recklessly false, given her reasonable reliance on her own observations, information from other nurses, and her reasonable inferences therefrom. *Emarco, Inc.*, 284 N.L.R.B. at 833-34. The Board also properly addressed whether Wells's statements amounted to unprotected disloyalty, and substantial evidence supports its findings that they did not because: (1) there was an undisputed connection between her statements and the ongoing labor dispute; (2) her statements called for improved working conditions at Valley Hospital; (3) the statements were not strategically timed to harm Valley Hospital during a critical moment in its business; (4) Nurse Wells did not breach important confidences; and (5) there was no obvious intent to harm Valley Hospital. *See NLRB v. Local Union No. 1229, Int'l Bhd. of Elec. Workers (Jefferson Standard)*, 346 U.S. 464, 471, 475–78 (1953); *Sierra Publ'g Co. v. NLRB*, 889 F.2d 210, 217 (9th Cir. 1989).

This case is distinguishable from cases relied upon by Valley Hospital. *See Endicott Interconnect Techs., Inc. v. NLRB*, 453 F.3d 532, 537 (D.C. Cir. 2006)

(denying enforcement where Board failed to address whether employee's statements were "detrimentally disloyal"); *St. Luke's Episcopal-Presbyterian Hosps., Inc. v. NLRB*, 268 F.3d 575, 579-80 (8th Cir. 2001) (denying enforcement where Board failed to address whether employee "falsely and publicly disparage[d] her employer or its products and services"). Because substantial evidence supports the Board's explicit findings that Wells's statements were not disloyal, reckless or maliciously false, the Board properly concluded that Nurse Wells's discharge violated the NLRA.

## II.

This court reviews the Board's choice of remedy for an abuse of discretion. *Sever*, 231 F.3d at 1165. The lawfulness of Valley Hospital's Communications Policy was not fully litigated before the Administrative Law Judge or the Board, and therefore the Board did not abuse its discretion in refusing to order its rescission. *See Hi-Tech Cable Corp.*, 318 N.L.R.B. 280, 280 (1995). The Board also did not abuse its discretion in refusing to order Valley Hospital to individually email its employees notice of the NLRA violation, because the record does not speak to the customary nature of Valley Hospital's email communication to its employees. *See Nordstrom, Inc. & Unite Here*, 347 N.L.R.B. 294, 294 (2006) (denying request for notice to be posted to employer's intranet website in absence

of evidence that employer customarily used the intranet to communicate with employees).

## III.

For these reasons, we **DENY** Valley Hospital's and the Union's petitions for review and **GRANT** the Board's petition for enforcement.